IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF OHIO
EASTERN DIVISION


**RONALD D. LEONARD,**

      **Plaintiff,**

      v.                                       Case No. 2:09-CV-961
                                                  JUDGE MARBLEY
                                                  MAGISTRATE JUDGE KING

**OHIO DEPARTMENT OF**
**REHABILITATION AND CORRECTION,** *et al.***,**

      **Defendants.**

<u>**ORDER and**</u>
<u>**REPORT AND RECOMMENDATION**</u>

      This matter is before the Court for consideration of Plaintiff's *Motion for Joinder*, Doc. No. 11; Plaintiff's *Motion for Temporary Restraining Order*, Doc. No. 12; Plaintiff's *Motion for Decision on Motions*, Doc. No. 17; and Defendants' *Motion Strike the Amended Complaint*, Doc. No. 23.  For the reasons that follow, the *Motion for Joinder* is **GRANTED** and the *Motion for Decision* is **DENIED as moot**.  Defendants' *Motion to Strike the Amended Complaint* is **DENIED**.  It is **RECOMMENDED** that the *Motion for Temporary Restraining Order* be **DENIED**.

**I.**

      Plaintiff Ronald D. Leonard ["Plaintiff"] is an inmate at the Chillicothe Correctional Institution ["CCI"].  The Defendants in this action are the Ohio Department of Rehabilitation and Correction ["ODRC"], Terry Collins, former Director of ODRC, and Robin Knab, Warden of CCI.  Plaintiff asserts a violation of the Eighth Amendment to the United States Constitution,

pursuant to 42 U.S.C. § 1983.  The Court has jurisdiction under 28 U.S.C. §§ 1331, 1343.

In his *Complaint*, Doc. No. 2, Plaintiff alleges that he is being subjected to "the daily inhalation of an undetermined micron level in size of airborne pathogen particles of asbestos and black mold, thus subjecting Plaintiff to serious substantial risk of physical harm, detrimental to Plaintiff's health."  *Complaint* at ¶ 4.  In his *Motion for Temporary Restraining Order*, Doc. No. 12, Plaintiff states that the asbestos and mold are located in the showers and dormitories at CCI.  According to Plaintiff, "there are several areas of insulation that are broken, cracked and open ended, exposing and radiating lethal friable asbestos pathogens throughout the dorms."  *Declaration of Ronald Leonard*, attached to Doc. No. 12, at ¶ 4.  Plaintiff specifically alleges that Defendants Collins and Knab visited CCI and took photographs of the dormitories.  *Id.* at ¶¶ 2-3.

Plaintiff argues that the alleged exposure to asbestos and mold constitutes deliberate indifference to Plaintiff's health and safetys that he is in "imminent danger."  *Id.* at ¶ 7. Plaintiff requests that the Court order evacuation of CCI and "order a full scale investigation, deploying the National Institute of Occupational Safety and Health [and] Center for Disease Control to give its detailed report."  *Id.*

In addition to seeking a temporary restraining order, Plaintiff moves to join another inmate as a plaintiff in this action.  Defendants oppose both motions.

## II.

**A.  Plaintiff's Motion for Joinder**

Plaintiff Leonard seeks to join inmate Cole Worthington as a plaintiff in this case.

Plaintiff's motion offers no argument as to why joinder is appropriate; his *Reply memorandum*, however, states that Mr. Worthington is also subjected to the "daily inhalation of friable asbestos and black mold." Doc. No. 19 at 1. According to Plaintiff, Mr. Worthington has exhausted administrative remedies and should be made a plaintiff because his claim involves the "same exact issues." *Id.*

Defendants oppose the request to join Mr. Worthington as a plaintiff in this case. Defendants note that the record does not contain an affidavit from Mr. Worthington reflecting his desire to join this case. Defendants also contend that joinder is generally inappropriate in cases of inmate *pro se* plaintiffs because it is difficult to determine whether exhaustion of remedies has been satisfied. Further, Defendants argue that there is insufficient information to determine whether Fed. R. Civ. P. 20 has been satisfied.

Joinder of persons as plaintiffs is governed by Rule 20, which allows the joinder of more than one person as plaintiff if:

> (A) [the persons] assert any right to relief jointly, severally, or in the alternative with respect to or arising out of the same transaction, occurrence, or series of transactions or occurrences; and
>
> (B) any question of law or fact common to all plaintiffs will arise in the action.

Fed. R. Civ. P. 20(a)(1)(A), (B). "Under the Rules, the impulse is toward entertaining the broadest possible scope of action consistent with fairness to the parties; joinder of claims, parties and remedies is strongly encouraged." *United Mine Workers of America v. Gibbs*, 383 U.S. 715, 724 (1966). The United States Court of Appeals for the Sixth Circuit has held that, in applying Rule 20, the terms "transaction" and "occurrence" are to be given a broad and liberal interpretation. *Lasa per L'Industria del Marmo Societa per Azioni v. Alexander*, 414 F.2d 143,

147 (6th Cir. 1969). "The purpose of Rule 20(a) is to promote judicial economy and trial convenience." *Evans v. Midland Funding, LLC*, 574 F.Supp.2d 808, 811 (S.D. Ohio 2008) (citation omitted).

In this case, it appears that inmate Worthington's claim regarding exposure to asbestos and black mold at CCI arises out of the same transaction or occurrence as Plaintiff Leonard's claim. In addition, common questions of law and fact surround the claims of Plaintiff Leonard and inmate Worthington. In the Court's view, the claims in this case are unlike those in *Worthen v. Oklahoma Dept. of Corrections*, No. Civ-07-687-R, 2007 WL 4563665 (W.D. Okla. December 7, 2007), cited by Defendants.

In *Worthen*, the named plaintiff claimed that certain of his periodicals had been seized or their delivery had been delayed. The named plaintiff also claimed that he had been denied the opportunity to conduct legal research. The complaint was signed by two other inmates but the nature of their claims and whether they exhausted administrative remedies were unclear. Thus, the court dismissed the two inmates on the basis of improper joinder. In contrast, the claim proposed by inmate Worthington is based on the same allegations regarding exposure to asbestos and black mold as is the claim asserted by Plaintiff Leonard. Further, with respect to the exhaustion of remedies, Plaintiff Leonard has attached documentation to the *Reply* memorandum, Doc. No. 19, demonstrating that inmate Worthington has filed a grievance and received a decision from the Chief Inspector regarding his claim. The Court also notes that inmate Cole Worthington appears to have signed the *Reply* memorandum, demonstrating to the Court a desire to join this action[1].

---

[1] The Court reminds the plaintiffs that, pursuant to Fed. R. Civ. P. 11(a), each pleading and motion is to be signed by each plaintiff.

In the Court's view, the requirement of Rule 20 has been satisfied in this case.  The Court concludes that the joinder of inmate Cole Worthington as a plaintiff is appropriate in that his joinder will promote judicial economy and convenience.  The *Motion for Joinder* is therefore **GRANTED.**  Plaintiffs Leonard and Worthington will be required to file an amended complaint setting forth their respective claims within twenty-one (21) days.

**B.  Plaintiff's Motion for Temporary Restraining Order**

Plaintiff Leonard claims that he is being subjected to "imminent danger" at CCI due to the alleged exposure to asbestos and black mold.  Plaintiff requests that he be evacuated from CCI and that an investigation be ordered as to the presence of mold and asbestos.

Defendants oppose the Plaintiff's request for interim injunctive relief.  Defendants argue that Plaintiff has failed to establish a likelihood of success on the merits of his claim and, further, that the relief requested is beyond the scope of that necessary to maintain the status quo in this case.

The Court considers Plaintiff's request for temporary restraining order pursuant to Fed. R. Civ. P. 65.  In evaluating Plaintiff's motion, the Court first considers whether Plaintiff has shown a strong or substantial likelihood of success on the merits of his claim.  The Court also considers whether irreparable harm will result without an injunction; whether the issuance of an injunction will result in substantial harm to others; and whether the public interest is advanced by an injunction.  *Keweenaw Bay Indian Community v. Michigan*, 11 F.3d 1341, 1348 (6th Cir. 1993).  These factors are to be balanced by the court and the decision whether injunctive relief is appropriate falls within the discretion of the court.   The United States Court of Appeals for the

Sixth Circuit has held that, where it appears the claimant has little chance of success on the merits, the court may dismiss a motion for interim injunctive relief without considering the other three factors. *Michigan State AFL-CIO v. Miller*, 103 F.3d 1240, 1249 (6th Cir. 1997).

A preliminary injunction is an extraordinary remedy. In the prison context, a court should "proceed with the utmost care and must recognize the unique nature of the prison setting." *Wappler v. Kleinsmith*, No. 1:08-CV-595, 2008 WL 5671874 at * 2 (W.D. Mich. August 29, 2008), citing *Kendrick v. Bland*, 740 F.2d 432, 438 n.3 (6th Cir. 1984).

In this case, Plaintiff has failed to demonstrate a substantial likelihood of success on the merits of his claim that Defendants have been deliberately indifferent to Plaintiff's health with respect to the alleged exposure to asbestos fibers and mold. As Defendants point out, Plaintiff makes no substantive argument as to why he is substantially likely to succeed on the merits of his claim. Although a cause of action may be stated for involuntary exposure to asbestos that causes present injury or an unreasonable risk of serious damage to future health, the Eighth Amendment also requires proof of deliberate indifference on the part of the defendants. *See Scuba v. Wilkinson*, No. 1:06-cv-160, 2010 WL 99348 at *6 (S.D. Ohio January 6, 2010) (Dlott, J.).

The test for determining deliberate indifference in contravention of the Eighth Amendment based on environmental conditions in a prison contains both an objective component and a subjective component. *Helling v. McKinney*, 509 U.S. 25, 35 (1993). In order to satisfy the objective component, an inmate must establish that his medical needs are "sufficiently serious.:" *Talal v. White*, 403 F.3d 423, 426 (6th Cir. 2005). In order to satisfy the subjective component, an inmate must establish that prison authorities knew of, and manifested

6

deliberate indifference to, the inmate's serious medical needs. *Id.*

The objective element requires a deprivation that is "sufficiently serious." *Farmer v. Brennan*, 511 U.S. 825, 834 (1994). In the context of a claim that prison officials failed to protect an inmate from toxic exposure, the inmate must demonstrate "either that [he] suffered an actual serious injury to [his] present health or faced a substantial risk of serious harm to [his] future health from involuntary exposure to [the toxin]." *Scuba*, 2010 WL 99348 at *6 (internal quotation omitted). The objective component requires that the court assess "whether society considers the risk that the prisoner complains of to be so grave that it violates contemporary standards of decency to expose anyone unwillingly to such a risk." *Henderson v. Martin*, 73 Fed. Appx. 115, 118 (6th Cir. 2003).

With respect to the subjective element, the inmate plaintiff must show that the defendants' conduct "amounted to deliberate indifference to a known risk of harm to plaintiff." *Id.* The prison official can be held liable only if he knows that the inmate faces a substantial risk of serious harm and fails to take reasonable measures to abate the risk. *Farmer*, 511 U.S. at 847. More than a lack of due care on the part of the prison official is required in order to satisfy the subjective component of a deliberate indifference claim. *Id.* at 835.

In this case, Plaintiff Leonard proffers no evidence to establish either the objective or the subjective elements of his claim for deliberate indifference. Instead, Plaintiff simply makes the conclusory assertion that he is in "imminent danger;" there is no factual evidence that he is presently suffering a health condition due to alleged exposure to asbestos and mold or that his future health is at risk. In addition, Plaintiff has failed to demonstrate any knowledge on Defendants' part of such a substantial risk of serious harm or of their deliberate indifference to

such risk..

In the absence of evidence to support a claim for deliberate indifference, the Court finds that Plaintiff has failed to demonstrate a substantial likelihood of success on the merits of his claim sufficient to warrant interim injunctive relief.  In light of the Court's decision as to this first factor, the Court need not consider whether the remaining factors support a request for injunctive relief.  *See Michigan State AFL-CIO v. Miller,* 103 F.3d at 1249.  The Court will therefore recommend that Plaintiff's *Motion for Temporary Restraining Order* be denied.

**C.  Plaintiff's Motion for Decision on Motion for Joinder and Motion for Injunction**

On March 9, 2010, Plaintiff Leonard filed a *Motion for Decision* addressing his *Motion for Joinder* and *Motion for Injunction*. Doc. No. 17.  In light of the foregoing, Plaintiff Leonard's *Motion for Decision* is now moot and it is for that reason **DENIED.**

**D. Defendants' Motion to Strike the** *Amended Complaint*

Defendants filed an answer to the original complaint on December 22, 2009.  Doc. No. 16.  Thereafter, and without leave of Court or agreement of Defendants, Plaintiff Leonard filed an amended complaint that named Ernie Moore, the current Director of ODRC, as an additional defendant.  *Amended Complaint*, Doc. No. 20.  Defendants move to strike the *Amended Complaint* as having been filed without authority.  *See* Fed. R. Civ. P. 15.  There has been no response to that motion.

Defendants are correct in their assertion that, after an answer has been filed, a complaint may be amended only with leave of court or with the agreement of all parties.  Rule 15(a)(2).

However, the original *Complaint* named all defendants in both their official capacities as well as their individual capacities. *Complaint,* p.1.Because the current Director of ODRC is automatically substituted for the former Director in connection with the claim asserted against him in his official capacity, *see* Fed. R. Civ. P. 25(d), and because Plaintiff Leonard and Plaintiff Worthington have been directed to file an amended complaint setting forth their claims, *see supra*, the Court will grant Plaintiffs leave to include in that amended complaint a claim or claims against the current Director of ODRC.  Defendants' *Motion to Strike the Amended Complaint* is therefore **DENIED**.

### III.

**WHEREUPON**  Plaintiff's *Motion for Joinder*, Doc. No. 11, is **GRANTED** and Plaintiff's *Motion for Decision on Motions*, Doc. No. 17, is **DENIED as moot**.  Defendants' *Motion to Strike the Amended Complaint*, Doc. No.23, is **DENIED**.  Plaintiffs Leonard and Worthington are **DIRECTED** to file an amended complaint within twenty-one (21) days.

It is **RECOMMENDED** that Plaintiff's *Motion for Temporary Restraining Order,* Doc. No. 12, be **DENIED**.

If any party seeks review by the District Judge of this *Report and Recommendation*, that party may, within fourteen (14) days, file and serve on all parties objections to the *Report and Recommendation*, specifically designating this *Report and Recommendation*, and the part thereof in question, as well as the basis for objection thereto.  28 U.S.C. § 636(b)(1); Fed. R. Civ. P. 72(b).  Response to objections must be filed within fourteen (14) days after being served with a copy thereof.  Fed. R. Civ. P. 72(b).

The parties are specifically advised that failure to object to the *Report and Recommendation* will result in a waiver of the right to *de novo* review by the District Judge and of the right to appeal the decision of the District Court adopting the *Report and Recommendation*. See *Thomas v. Arn*, 474 U.S. 140 (1985); *Smith v. Detroit Foundation of Teachers, Local 231, etc.*, 829 F.2d 1370 (6th Cir. 1987); *United States v. Walters*, 638 F.2d 947 (6th Cir. 1981).

**June 22, 2010**          *s/ Norah McCann King*
**DATE**                   **NORAH McCANN KING**
                           **UNITED STATES MAGISTRATE JUDGE**