IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF OHIO
EASTERN DIVISION

**RONALD D. LEONARD,**

    **Plaintiff,**

    v.                                           **Case No. 2:09-CV-961**
                                                **JUDGE MARBLEY**
**OHIO DEPARTMENT OF**                   **MAGISTRATE JUDGE KING**
**REHABILITATION**
**AND CORRECTION,** *et al.,*

    **Defendants.**

---

**RONALD D. LEONARD,** *et al.,*

    **Plaintiffs,**

    v.                                           **Case No. 2:10-CV-347**
                                                **JUDGE MARBLEY**
**ERNIE MOORE,** *et al.,*                     **MAGISTRATE JUDGE KING**

    **Defendants.**

---

**RONALD D. LEONARD,**

    **Plaintiff,**

    v.                                           **Case No. 2:10-CV-951**
                                                **JUDGE MARBLEY**
**ERNIE MOORE,** *et al.*,                     **MAGISTRATE JUDGE KING**

    **Defendants.**

## REPORT AND RECOMMENDATION

In these consolidated cases, brought pursuant to 42 U.S.C. §1983, Plaintiffs Leonard and Worthington complain of exposure to asbestos and mold while incarcerated in the Chillicothe

Correctional Institution (2:09-CV-961 and 2:10-CV-347).  In case 2:10-CV-951, Plaintiff Leonard complains that he has been retaliated against because of his pursuit of the other two actions.  This matter is presently before the Court for consideration of Plaintiff Leonard's request for interim injunctive relief.

I.

Plaintiff Leonard ["Plaintiff"] has filed a *Motion for Injunctive Relief* on the basis that "he believes he will suffer irreparable harm or injury while the suit is pending." *Motion for Appointment of Counsel/Motion for Injunctive Relief and Motion to Amend Case 2:10-CV-951*. Doc. No. 47 in 2:09-CV-961; Doc. No. 8 in 2:10-CV-347; and Doc. No. 12 in 2:10-CV-951, at 5. According to Plaintiff, Defendants have "unlawfully detained Plaintiff in retaliatory cruel and unusual solitary confinement" and have deprived him of the ability to conduct legal research in support of cases pending in this Court. *Id.* at 6.  Plaintiff argues that he is likely to succeed on the merits of his claim of retaliation and he requests a transfer to "either a protective custody facility or perhaps [to] Hocking Correctional Facility in Athens County, Ohio where the Plaintiff would be confined among mainly elderly inmates." *Id.* at 8.

Defendants oppose Plaintiff's request for interim injunctive relief on the basis that he is not likely to succeed on the merits of his claim.  According to Defendants, Plaintiff's current status in segregation is not a result of retaliatory conduct on Defendants' part but is the result of Plaintiff's violation of two prison rules.  Specifically, Plaintiff was charged with violations of Rule 54, "Unauthorized use of . . . mail . . ." and Rule 55, "Use of . . . mail to threaten, harass, intimidate or annoy another," *see* Ohio Admin. Code § 5120-9-06, after he purportedly mailed

friable asbestos to the Inspector General's office in Washington, D.C.  *See* Exhibit A1 attached to *Defendants' Memorandum contra*, Doc. No. 13 in 2:10-CV-951.  Plaintiff was convicted of the charges after a hearing by the Rules Infraction Board and was placed in segregation.  *See* Exhibit A2, *id.*   Based on this evidence, Defendants argue that Plaintiff is not likely to succeed on his claim that he is being housed in segregation because he has filed other lawsuits in this court.

## II.

Plaintiff's motion is governed by Fed. R. Civ. P. 65.  The decision whether or not to grant a request for interim injunctive relief falls within the sound discretion of the district court. *Friendship Materials, Inc. v. Michigan Brick, Inc.*, 679 F.2d 100, 102 (6th Cir. 1982).  A preliminary injunction is an extraordinary remedy that should be granted only after consideration of the following four factors:

> (1) whether the movant has a "strong" likelihood of success on the merits; (2) whether the movant would otherwise suffer irreparable injury; (3) whether issuance of a preliminary injunction would cause substantial harm to others; and (4) whether the public interest would be served by issuance of a preliminary injunction.

*Leary v. Daeschner*, 228 F.3d 729, 736 (6th Cir. 2000) (citations omitted).  No one of these four considerations is determinative, but all are factors to be balanced.  *See Michigan Bell Tel. Co. v. Engler*, 257 F.3d 587, 592 (6th Cir. 2001).

In considering these factors, the Court concludes that interim injunctive relief is not warranted.  Plaintiff fails to establish a "strong" likelihood of success on the merits of his claim that he is being housed in segregation in retaliation for filing lawsuits in this Court.  It is clear

that prison officials may not retaliate against inmates because of the exercise of protected rights. *Thaddeus-X v. Blatter*, 175 F.3d 378, 386 (6th Cir. 1999). In order to state a claim for retaliation, the inmate must show that he engaged in protected conduct, that he was subjected to adverse action, and that there existed a causal connection between the protected conduct and the adverse action. *Id.*

In this case, Plaintiff's filing of lawsuits is clearly protected conduct under the First Amendment. *See Thaddeus-X*, 175 F.3d at 391. Plaintiff has also, apparently, been subjected to the adverse action of being placed in disciplinary segregation. The record is devoid of evidence, however, to establish a causal connection between the protected conduct in which Plaintiff engaged and the adverse action.

As Defendants point out, the evidence in this case shows that Plaintiff was placed in segregation after having been found guilty of mailing friable asbestos to the Inspector General in violation of two prison rules. The evidence adduced at Plaintiff's disciplinary hearing included the testimony of the investigating officer and a comparison of Plaintiff's handwriting with that contained in the mailing. *Exhibit A-2*, attached to *Response in Opposition to Motion for Injunctive Relief,* Doc. No. 14 in 2:10-CV-951. There is no evidence, other than Plaintiff's conclusory allegation, to support Plaintiff's contention that he is being held in segregation because he filed lawsuits. Moreover, as the United States Court of Appeals for the Sixth Circuit has held, even if an inmate establishes that his protected conduct was a motivating factor in the adverse action, the defendant prison official "may thwart the retaliation claim by showing that [he] would have taken the same action even without the protected activity." *Thomas v. Eby*, 481 F.3d 434, 441-42 (6th Cir. 2007), citing *Mt. Healthy School Dist. Bd. of Educ. v. Doyle*, 429 U.S.

4

274 (1977). "A finding of guilt on a misconduct charge based on some evidence of a violation of prison rules 'essentially checkmates [a] retaliation claim." *Jackson v. Madery*, 158 Fed. Appx. 656, 662 (6th Cir. 2005), citing *Henderson v. Baird*, 23 F.3d 464, 469 (8th Cir. 1994). In this case, the evidence that Plaintiff violated two prison rules supports the decision to discipline Plaintiff.

For these reasons, the Court concludes that it unlikely that Plaintiff will succeed on the merits of his retaliation claim so as to justify the award of interim injunctive relief. The Court also finds no evidence to support Plaintiff's assertion that his current status in segregation has hampered his ability to conduct legal research in support of his pending lawsuits. Indeed, review of the filings in this Court demonstrates the contrary.

For these reasons, it is recommended that Plaintiff Leonard's request for interim injunctive relief be denied.

### III.

It is **RECOMMENDED** that Plaintiff Leonard's *Motion for Injunctive Relief,* **Doc. No. 47** in **2:09-CV-961; Doc. No. 8** in **2:10-CV-347;** and **Doc. No. 12** in **2:10-CV-951**, be **DENIED**.

If any party seeks review by the District Judge of this *Report and Recommendation,* that party may, within fourteen (14) days, file and serve on all parties objections to the *Report and Recommendation,* specifically designating this *Report and Recommendation,* and the part thereof in question, as well as the basis for objection thereto. 28 U.S.C. §636(b)(1); F.R. Civ. P. 72(b). Response to objections must be filed within fourteen (14) days after being served with a copy

thereof.  F.R. Civ. P. 72(b).

The parties are specifically advised that failure to object to the *Report and Recommendation* will result in a waiver of the right to *de novo* review by the District Judge and of the right to appeal the decision of the District Court adopting the *Report and Recommendation.  See Thomas v. Arn,* 474 U.S. 140 (1985); *Smith v. Detroit Federation of Teachers, Local 231 etc.,* 829 F.2d 1370 (6th Cir. 1987); *United States v. Walters,*  638 F.2d 947 (6th Cir. 1981).

     *s/ Norah McCann King*
**NORAH McCANN KING**
**UNITED STATES MAGISTRATE JUDGE**

**December 28, 2010**